**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MALDONADO, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-08104 |
| CREDIT MANAGEMENT, L.P. | ) | |
| | ) | |
| *Defendant*. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Nicholas Maldonado, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), 28 U.S.C. §1331, and 28 U.S.C. § 1367.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**PARTIES**

3. Plaintiff, Nicholas Maldonado ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comcast Cable account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant, Credit Management, L.P. ("CM"), is a Texas company with its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256. Its registered agent

is C T Corporation System., located at 208 So. LaSalle St., Suite 814, Chicago, IL 60604. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant CM holds a collection agency license from the State of Illinois and is a licensed Collection Agency, and attempts to collect debts originally owed to others. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

7. CM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Comcast Cable account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. The debt subsequently went into default and was referred to CM for collection.

10. On or about September 26, 2018, CM mailed a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

11. The Letter conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount due.

12. The Letter was thus a "communication" as that term is defined in § 1692a(2) of the FDCPA.

13. The Letter communicated a balance due of $350.82.

14. Upon receiving the account, CM also accessed Plaintiff's Experian credit report.

15. However, Plaintiff did not owe any alleged debt to Comcast, and in fact had been paying his Comcast account on time.

16. CM's claim that he had a past due balance was a false statement.

17. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt**

18. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

19. CM misrepresented the balance of an alleged debt and attempted to collect an alleged debt from Plaintiff which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692f and 1692f(1).

20. On September 25, 2018, CM accessed Plaintiff's credit report via Experian in connection with an "account review." (Exhibit D, Excerpt from Plaintiff's Experian credit report).

21. Plaintiff never authorized CM to access his credit report.

22. 15 U.S.C. §1681q of the FCRA provides as follows:

> **Obtaining information under false pretenses**
>
> **Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, imprisoned for not more than 2 years, or both.**

23. CM knowingly and willfully used deception and false pretenses to obtain Plaintiff's credit report, in violation of §1681q of the FCRA, by falsely representing or certifying that the report was being obtained for a permissible purpose.

24. 15 U.S.C. §1681b(f) of the FCRA provides as follows:

> **Certain use or obtaining of information prohibited**
>
> **A person shall note use or obtain a consumer report for any purpose unless—**
>
> **(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and**
>
> **(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.**

25. CM acted knowingly in requesting and obtaining Plaintiff's credit report without a permissible purpose, in violation of §1681b(f) of the FCRA, when it obtained Plaintiff's credit report without her authorization.

26. CM's communications caused Plaintiff to experience negative emotions, including annoyance, aggravation, and other garden variety emotional distress.

27. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I- FAIR DEBT COLLECTION PRACTICES ACT**

28. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

29. CM misrepresented the balance of an alleged debt and attempted to collect an alleged debt from Plaintiff which Plaintiff did not owe, in violation of 15 U.S.C. §§ 1692e(2)(A), 1692f and 1692f(1).

30. CM acted knowingly in requesting and obtaining Plaintiff's credit report without a permissible purpose, in violation of §1681b(f) of the FCRA, when it obtained Plaintiff's credit report without her authorization.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## <u>COUNT II – FAIR CREDIT REPORTING ACT</u>

31. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

32. CM acted knowingly in requesting and obtaining Plaintiff's credit report without a permissible purpose, in violation of §1681b(f) of the FCRA, when it obtained Plaintiff's credit report without her authorization.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. All actual compensatory damages suffered;

B. Statutory damages of $1,000.00;

C. Punitive damages;

D. Attorneys' fees and costs;

E. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com